FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 3 0 2025

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RODGER LANDRETH                          PLAINTIFF

v.                No. 4:25-cv-80-DPM

CHAD BERRY;
TEAGUS MAJORS &
DAVID BRYANT, in their individual
and in official capacity as law-enforcement
officers of the Greers Ferry Police Dept.           DEFENDANTS

## COMPLAINT

In support, Plaintiff states as follows in support of Complaint.

I.     JURISDICTION & VENUE

1. Rodger Landreth, Plaintiff, is a resident of Cleburne County, Arkansas.

2. Chad Berry, separate Defendant, is a resident of Cleburne County, Arkansas.

3. Teagus Majors, Separate Defendant, is a resident of Cleburne County, and was a Chief of Greers Ferry Police Department, in Cleburne County, Arkansas at the time of the events alleged.

4. David Bryant, Separate Defendant, is a resident of Cleburne County, and was a Sergeant at the Greers Ferry Police Department, in Cleburne County, Arkansas at the Greers Ferry Police Department.

5. Plaintiff alleges the intentional torts of battery and brings this action under the torts of assault, battery, false imprisonment, and malicious prosecution.

This case assigned to District Judge Marshall
and to Magistrate Judge Ervin

The facts supporting these incidents all occurred in Cleburne County, Arkansas.

6. As a result of the Defendant's actions, Plaintiff has suffered compensatory damages, including $250,000 in medical bills, punitive damages, costs, and attorneys' fees. All damages are more than $500,000.

7. The specific allegations of false imprisonment and malicious prosecution raise federal constitutional issues under the Fourth Amendment as decided in the United Supreme Court's decision in *Thompson v. Clark*, 596 U.S. _____ (2022).

8. Both Venue and Jurisdiction are properly before the Court.

II. FACTS IN SUPPORT OF COMPLAINT

9. Earlier in the day, on May 31, 2023, Separate Defendant Chad Berry purchased a vehicle from the mother-in-law of the Plaintiff, Rodger Landreth.

10. Later that evening, Landreth went to the home of Berry to get some information that he needed regarding the vehicle transaction that had taken place earlier that day. He was seeking information that his mother-in-law failed to get at the time of the transaction.

11. Landreth approached Berry to obtain the information. Landreth explained the issue and Berry refused to provide the information. As Landreth was

attempting to explain his reasoning, Berry punched Landreth in the face and knocked him out. Landreth doesn't recall what happened after the initial punch, but his injuries indicate that he was hit numerous times after he was knocked out.

12. As a result of the assault and battery of Landreth he has suffered several injuries that are significant and permanent. These injuries include neck injuries that required surgery to remove 7 pieces of vertebra from his spine. He will have significant pain and discomfort for the remainder of his life. He has limited movement from injury and is unable to work. The attending physician advised him that this will be his "new normal." Landreth's eye was also injured during the battery. He will receive surgery to repair damage to the eye soon. These injuries have caused current medical bills rise close to $200,000 and continue to climb.

13. Landreth gave a statement to the police after the incident on the evening of May 31st -- outlining the events leading up to Berry punching him. This statement was prepared by Landreth and given to Separate Defendant David Bryant, in his capacity as a Sergeant in the Greers Ferry Police Department. Bryant was informed by Landreth that he wanted to press charges against Berry for the battery. Bryant advised that Landreth had to take the matter to the prosecuting attorney's office if he wanted to prosecute. Landreth then

inquired as to whether Berry would be arrested after giving his statement that evening. Bryant stated, "its within my discretion to not arrest him and [Chief] Teagus wanted [Landreth] to settle it in court." The following day, Landreth went to Heber Springs to make a formal complaint to the Cleburne County Prosecuting Attorney.

14. On June 16, 2023, Separate Defendant Bryant delivered an arrest warrant to Landreth charging him with Assault, a misdemeanor. Bryant informed Landreth that an arrest warrant was issued for him also.

15. After being charged, Landreth hired criminal defense counsel who filed a discovery motion with the Cleburne County District Clerk. The discovery that was given contained a statement on a purportedly written and sworn by Berry on May 31, 2023, and was entitled, "Gerrys Ferry Police Department Voluntary Statement." In it, Berry alleged that Landreth was the aggressor and that he charged Berry forcing him to "defend himself." It also suggests that there was mutual combat by both parties after Landreth hit the ground. It turns out that this statement was made more than 4 days after Berry's first report. This statement references events that happened on "6/4/2023," as quoted by Berry, making it clear that he signed this at a time after June 4, 2023. This statement differs from one received surreptitiously a day before Landreth was charged.

16. On June 15, 2023 (one day prior to his arrest), Landreth discovered an envelope under his windshield wiper on his truck. The envelope was blank and enclosed was a copy of a statement entitled "Greers Ferry Police Department Voluntary Statement" and was in the same handwriting as the one received in discovery and had the same signature – Chad Berry. However, this report was drastically different than the report that was provided through discovery and this statement was also signed and dated on May 31, 2023. In this report, Berry stated that Landreth made a few steps toward him pointing his finger and that he was swearing before he "protected [himself]." It is important to note that this statement was NOT provided in Landreth's discovery in his alleged assault to Berry and was intentionally withheld by the Greers Ferry Police Department before sending its file to the Greers County Prosecuting Attorney's Office. A review of the withheld report shows that there was no probable cause for the arrest of Landreth. Indeed, new allegations were added by Berry at the directions of Separate Defendants Capt. Teagus Majors and Sgt David Bryant to ensure that probable cause for Assault existed in the report.

17. On the same night that Landreth was issued an arrest warrant, by Bryant, Officer Sammy Green, of the Greers Ferry Police Department submitted his resignation to the Mayor of Greers Ferry over the events, stating,

>       that the two officers failed to do the lawful thing. I refuse
>       to be part of an organization that would commit such an
>       egregious act. I hope when the community discovers the
>       facts, they are as appalled as I am. I will encourage people
>       to reach out to the Mayor and the alderman and demand
>       that the police department be held accountable for their
>       actions or lack of actions.

18. As a part of reciprocal discovery, Landreth's counsel provided a copy of the Berry statement that was found on the windshield. On October 11, 2023, the prosecuting attorney's office moved to dismiss Landreth's charges. Afterwards, the prosecutor moved to dismiss Berry's charges. The district granted the request and the matter was dismissed ending the matter favorably for Landreth.

19. Plaintiff claims that Separate Defendant Berry intentionally caused the torts of assault and battery. Plaintiff claims that ALL Defendants intentionally caused the torts of false imprisonment and malicious prosecution.

III.  CAUSES OF ACTION

   A. INTENTIONAL ASSAULT

20. On May 31, 2023, Separate Defendant Berry's actions caused Landreth to apprehend imminent harmful contact. Berry's act caused Landreth to reasonably apprehend such contact. The contact was intentional as evidenced by the facts outlined above. Throwing a punch and the physical

aggression by Berry caused apprehension, obviously, leading up him then intentionally battering Landreth.

### B. INTENTIONAL BATTERY

21. In the same moment of the assault, Separate Defendant Berry's acts in directly punching and kicking Landreth. These acts were clearly intentional, and Berry knew that Landreth's injuries would likely occur. As stated, Landreth has suffered injuries to both his face, head, eye, and neck.

### C. MALICIOUS PROSECUTION

22. All Defendants actions establish that there were no facts that would have supported probable cause for Landreth's assault charge. That was evidenced by the report that wasn't turned over in discovery – the one that was prepared on May 31, 2023, the day of the incident. Berry swore that the facts were true and then signed it -- in that report there were no facts outlined by Berry that would support a charge of assault. All the Defendant's then got together to manufacture facts and then conspired with Berry for him to swear under oath to another statement that was prepared at least four days later. These acts were done with an improper purpose to charge Landreth with a criminal offense. The charges were dismissed upon showing the prosecutor the two statements.

### D. FALSE IMPRISONMENT

23. All Defendants intentionally and illegally restrained Landreth's freedom of movement without legal justification. Landreth was advised of his arrest by Separate Defendant Bryant while in uniform. This was after Berry was instructed by Bryant and Separate Defendant Majors to change his statement. These acts were intentionally designed to achieve reasonable apprehension and fear in Landreth.

### IV. PRAYER FOR RELIEF

24. That Separate Defendant Berry be found liable for the intentional torts of assault, battery, malicious prosecution, and false imprisonment. That Landreth be awarded damages for the physical injuries caused by Berry, including all current and future medical bills, for compensatory and punitive damages, for all attorneys related to this action and those actions caused by his malicious prosecution and false imprisonment. Landreth prays that costs related to this and other actions be the responsibility of Berry.

25. That Separate Defendants Majors and Bryant be found liable, in addition to Berry, for the intentional torts of malicious prosecution and false imprisonment. That Landreth be awarded damages, including compensatory and punitive damages for being falsely accused of a criminal offense.

26. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays that the Court find Defendants liable and find in favor for all damages, fees, and costs of this litigation.

                                            Respectfully submitted,

                                            Lion Legal Services
                                            2800 Percy Machin Drive
                                            North Little Rock, AR 72114
                                            Office: (501) 227-7627
                                            Fax: (501) 227-7628
                                            pbenca@lionlegal.com

By:   */s/Patrick J. Benca*
         Patrick J. Benca, ABN: 99020